# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Brandy Debock<br>6921 Shiloh Pl.<br>Stockton, CA 95219<br><br>　　　Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd, Suite 206<br>Toledo, OH 43614<br><br>　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around December 23, 2007, Defendant telephoned Plaintiff regarding the debt.

10. During this communication, Plaintiff informed Defendant that Plaintiff was represented by and attorney for bankruptcy and provided the law firm's contact information.

11. Despite this notice, Defendant continued to harass plaintiff by speaking loudly and belligerently.

12. During this communication, Defendant yelled at Plaintiff that Plaintiff could not file bankruptcy.

13. During this communication, Plaintiff asked Defendant to stop yelling, but Defendant continued the abusive behavior and Plaintiff ended the telephone call.

14. Despite Plaintiff's notice, Defendant telephoned Plaintiff immediately following the communication referenced above and left a voice message.

15. During this communication, Defendant stated that bankruptcy was not permitted due to Plaintiff's finances.

16. During this communication, Defendant rudely asked Plaintiff to have Plaintiff's attorney contact Defendant because Plaintiff was "not woman enough to take care of [Plaintiff's] own problems".

17. During this communication, Defendant provided a fake "docket number" as a reference for Plaintiff's account.

18. On or around January 15, 2008, despite Plaintiff's notice, and despite having Plaintiff's contact information, Defendant telephoned Plaintiff's mother and left a voice message for Plaintiff's mother to have Plaintiff contact Defendant.

19. On or around January 15, 2008, despite Plaintiff's notice, Defendant telephoned Plaintiff and left a voice message.

20. During this communication, Defendant again belittled Plaintiff by stating that Plaintiff was "not woman enough" to handle this matter.

21. On or around January 17, 2008, despite Plaintiff's notice, Defendant telephoned Plaintiff and left a voice message.

22. During this communication, Defendant repeatedly stated that Defendant would initiate involuntary mediation proceedings against Plaintiff and that Plaintiff would be receiving documents within 72 hours.

23. During this communication, Defendant again provided a fake "docket number" as a reference for Plaintiff's account.

24. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:    /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Bar # 0079315
    Attorney for Plaintiff
    Sears Tower
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  jsh@legalhelpers.com